IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ELMER DE JESUS,

    Plaintiff,

v.                                C.A. No.:   1:21-cv-56

BRENTS TREE SERVICE INC., and
WILL B. BRENTS,

    Defendants
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ELMER DE JESUS (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, BRENTS TREE SERVICE INC., and WILL B. BRENTS (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, BRENTS TREE SERVICE INC., has offices Burnet County, Texas.

## THE PARTIES

4. Plaintiff, ELMER DE JESUS, is an individual residing in Travis County, Florida.

5. Plaintiff, ELMER DE JESUS, was employed by Defendants from September 17, 2020, until October 21, 2020, as a "Tree Trimmer," at the regular rate of $250.00 per day. Plaintiff's principle duties were to plant, transplant, remove, and trim trees on behalf of various clients in the Austin and Round Rock area.

6. Defendant, BRENTS TREE SERVICE INC., is a corporation existing under the laws of the State of Texas and maintains offices in Burnet County, Texas.

7. Defendant, BRENTS TREE SERVICE INC., is a company that primarily operates a tree trimming business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, WILL B. BRENTS, is an individual residing in Burnett County, Texas.

9. Defendant, WILL B. BRENTS, is an individual who at all times

relevant to this matter acted directly or indirectly in the interest of Defendant, BRENTS TREE SERVICE INC., in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, WILL B. BRENTS, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, BRENTS TREE SERVICE INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, BRENTS TREE SERVICE INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, BRENTS TREE SERVICE INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. At all times material to this Complaint, Defendants employed workers who handled goods, which during their existence, had been shipped to Texas in interstate commerce. For example, Plaintiff and his co-workers used tools, equipment, and vehicles manufactured outside the state of Texas in performance of their work for Defendant.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff 1) occupied the position of "Tree Trimmer;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an a day rate basis.

17. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek. Plaintiff's regular schedule required him to work from 7a.m. to as late as 8:00 p.m., five days per workweek.

18. Plaintiff was not paid for his overtime work in accordance with the FLSA.

19. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

21. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

22. In fact, Plaintiff worked numerous workweeks wherein he worked in excess of 55 hours in workweek.

23. Defendants' policy of not properly paying overtime is company-wide and was willful.

24. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff is entitled to an award of reasonable and necessary attorneys'

fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, ELMER DE JESUS, demands Judgment against Defendants, jointly and severally, for the following:

a.  Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.  Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.  Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff, ELMER DE JESUS, demands a jury trial on all issues so triable.

Respectfully submitted this January 18, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621

**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFFS**